UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENDA GARZA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-12-1057 |
| | § | |
| MRS BPO, LLC, F/K/A | § | |
| MRS ASSOCIATES, INC., | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendant MRS Associates, Inc.'s ("MRS" or "defendant") motion to dismiss (Dkt. 6) plaintiff Brenda Garza's ("plaintiff" or "Garza") complaint for failure to state a claim upon which relief can be granted. Having considered the parties' briefing and the applicable law, the court is of the opinion that defendant's motion should be GRANTED.

**I. BACKGROUND**

As alleged in Garza's complaint, the facts of this dispute are simple and can be recounted in one sentence. On January 20, 2012 at 4:44 p.m., MRS, a debt collection agency, telephoned Garza and left a twenty-second voicemail consisting only of "dead air" on Garza's answering machine. Dkt. 1 at 3. In response, plaintiff sued MRS alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Texas Debt Collection Act, TEX. FIN. CODE § 392, and the Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17. Dkt. 1 at 3–6. Defendant moves to dismiss all counts. Dkt. 6 at 3, 6.

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). In considering a 12(b)(6) motion, the court must accept the complaint's well-pleaded factual allegations, but not its legal conclusions, as true. *Patrick v. Wal-Mart, Inc.—Store No. 155*, 681 F.3d 614, 622 (5th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009)). Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 554 (internal citations omitted).

## III. ANALYSIS

Defendant moves to dismiss plaintiff's federal and state-law claims. The court considers these claims in turn.

### A. Plaintiff's FDCPA Claims

Congress enacted the FDCPA in 1978 after finding "abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors," 15 U.S.C. § 1692(a), and observing that "[e]xisting laws and procedures for addressing these injuries [were] inadequate to protect consumers." *Id.* § 1692(b). The stated purpose of the act is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Id.* § 1692(e).

*1. Section 1692d(6) of the FDCPA*

Section 1692d(6) of the FDCPA prohibits "the placement of telephone calls without *meaningful disclosure* of the caller's identity." *Id.* § 1692d(6) (emphasis added).  Defendant argues that leaving twenty seconds of dead air does not violate this section for two reasons: (1) a "hang up" is not a communication pursuant to the FDCPA, and (2) the FDCPA does not require a debt collector to leave a substantive voicemail.  Dkt. 6 at 3.  Plaintiff responds that (1) a communication is not required under section 1692d(6); and (2) regardless of defendant's characterization of the voicemail, "meaningful disclosure" of the caller's identity was not provided.  Dkt. 8 at 8.

Assuming that a "communication" is not required for liability under section 1692d(6), the court must address whether MRS should have provided "meaningful disclosure" of its identity on a blank voicemail to comply with section 1692d(6).  Neither party has supplied, and this court's research has not revealed, a case explicitly discussing liability for a debt collector who left a blank voicemail on a debtor's answering machine.  Although plaintiff claims that a misleading voicemail can incur liability under the FDCPA, her cited authorities address only substantive voicemails. *Hosseinzadeh v. M.R.S. Assocs., Inc.*, 387 F. Supp. 2d 1104, 1107 (C.D. Cal. 2005) (discussing oral, automated messages left on the debtor's answering machine); *Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069, 1075 (E.D. Cal. 2005).  The voicemail in this case, by contrast, contained only dead air and no substance.  The court views it as more akin to a missed call than a substantive voicemail and agrees with courts that have held that liability under section 1692d(6) cannot be imposed for hanging up in lieu of leaving a message. *Hicks v. Am.'s Recovery Solutions, LLC*, 816 F. Supp. 2d 509, 516 (N.D. Ohio 2011); *Udell v. Kan. Counselors, Inc.*, 313 F. Supp. 2d 1135, 1143 (D. Kan. 2004).

Statutory interpretation of section 1692d(6) also precludes its application in the instant case. Plaintiff reads section 1692d(6) in isolation, but "a statute is to be considered in all its parts when construing any one of them." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 36, 118 S. Ct. 956 (1998) (referring to this principle as the "central tenet of interpretation"). Section 1692d prohibits debt collectors from engaging "in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d. Further, the overarching purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors." § 1692(e). To hold that defendant is liable for violating the FDCPA without identifying any harassment, oppression, or abuse would be to implement the act in a scenario that would not further its statutory purpose.

Thus, after considering the statutory language and purpose of section 1692d(6), the court holds that defendant's leaving of a single blank voicemail does not require "meaningful disclosure" of the caller's identity. Accordingly, plaintiff's claim under section 1692d(6) of the FDCPA fails.

*2. Section 1692e(11) of the FDCPA*

Section 1692e(11) requires disclosure in each call "that the communication is from a debt collector." § 1692e(11). A "communication" is defined as the "conveying of information regarding a debt directly or indirectly to any person through any medium." § 1692a. Defendant's motion reiterates the same two arguments discussed above regarding plaintiff's section 1692e(11) claim: (1) A "hang up" is not a communication pursuant to the FDCPA and (2) the FDCPA does not require a debt collector to leave a substantive voicemail. Dkt. 6 at 3. Defendant argues that a blank voicemail conveys no information regarding the debt and cannot, therefore, qualify as a communication. Dkt. 6. Because it is not a communication, the argument continues, the voicemail

4

falls outside the scope of section 1692e(11), and any claim brought under that section should be dismissed. *Id.* Plaintiff responds that despite what is indicated by a literal reading of the FDCPA, a voicemail does not have to explicitly mention the debt to qualify as a communication. Dkt. 8 at 12–13. The court agrees with defendant.

Plaintiff's cited cases have found communications only within a live call or a substantive message. *Berg v. Merchants Assoc. Collection Div., Inc.*, 586 F. Supp. 2d 1336, 1340–41 (S.D. Fla. 2008); *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 655–56 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Assocs., Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005). In this case, however, plaintiff would have the court expand the definition of communication further and hold that a communication can exist in the absence of words altogether. Dkt. 8 at 11. No cases have been cited to support, and this court does not conclude, that a section 1692e(11) communication can occur through complete silence. Other courts have held likewise in analogous situations. *Zortman v. J.C. Christensen & Assocs., Inc.*, 2012 WL 1563918, at *10 (D. Minn. May 2, 2012) (holding that "[w]here courts have found messages to be communications under the FDCPA, those messages conveyed more information than would be available from a hang-up or missed call"); *see also Rayl v. Moores*, 2010 WL 4386784, at *3 (S.D. Ind. Oct. 28, 2010) (holding that "[b]ecause a voicemail cannot logically 'convey[ ] ... information' to a homeowner who never heard it, the voicemail cannot qualify as a communication").

In short, persuasive case law supports the idea that a voicemail is a communication only when it conveys more information than could be gathered from a missed call. Silence does not meet this standard. Accordingly, based on the lack of a communication and because disclosure is not required on a blank voicemail as discussed above, plaintiff's claim must fail.

## B. Plaintiff's State-Law Claims

### 1. Section 392.304(a)(5)(B) of the TDCA

The court next addresses plaintiff's claim under the Texas Debt Collection Act ("TDCA").[1] Defendant moves to dismiss this claim on the grounds that no misrepresentation occurred because no information was conveyed in the blank message. Dkt. 6 at 6. Plaintiff responds MRS violated the TDCA through its silence by failing "to disclose . . . that the communication [was] from a debt collector." TEX. FIN. CODE § 392.304(a)(5)(B). Plaintiff argues that to the extent the court finds a failure of the "communication" element under the FDCPA, the court should not define the TDCA's "communication" term likewise because the legislature did not include a definition of the term. Dkt. 8 at 16. In the absence of a legislative definition, the court considers the ordinary dictionary meaning of a term. *Quilling v. Schonsky*, 247 F. App'x 583, 586 n.2 (5th Cir. 2007) (explaining that the "statute's plain meaning is the best guide to the Texas Supreme Court's likely view"). A "communication" is defined as "[t]he expression or exchange of information by speech, writing, gestures, or conduct . . . ." Black's Law Dictionary 316 (9th ed. 2009). Here, because the dictionary definition of communication is substantially identical to the FDCPA's definition, the court holds that a Texas court would construe the term "communication" under the TDCA in line with the federal act. *Quilling*, 247 F. App'x at 586 n.2 (holding that a district court must make an "*Erie* guess" as to how the Texas supreme court would construe a particular statute when no state decisional law is

---

[1] Plaintiff's response notes that defendant appears only to have moved for the dismissal of plaintiff's claim under section 392.304(a)(19) of the Texas Finance Code. According to plaintiff, this section was inadvertently cited as part of plaintiff's primary claim under section 392.304(a)(5)(B). Although the briefing is unclear, the similarity of the two sections involved makes defendant's argument, in substance, an attack on the section 392.304(a)(5)(B) claim, and the court reviews the dismissal of the section 392.304(a)(5)(B) claim *sua sponte*. This is permitted "if the plaintiff has notice of the possibility of a ruling on the merits or if the plaintiff has had the opportunity to allege its 'best case.'" *Broyles v. Texas,* 618 F. Supp. 2d 661, 683 (S.D. Tex. 2009) (Rosenthal, J.), *aff'd*, 381 F. App'x 370 (5th Cir. 2010). Plaintiff also supported her response with case law and counterarguments that are applicable to both TDCA claims. Accordingly, plaintiff will suffer no prejudice if the court reviews her section 392.304(a)(5)(B) claim at this juncture.

on point). Consequently, a blank voicemail does not satisfy the TDCA's definition of communication, and plaintiff's TDCA claim also fails.

### 2. *Section 17.5 of the DTPA*

Plaintiff's second state-law claim comes under the Deceptive Trade Practices Act ("DTPA"). Dkt. 1 at 5–6. Section 392.404(a) of the TDCA states that a violation of the TDCA is in turn a deceptive trade practice under the DTPA. Because plaintiff's DTPA claim depends on this tie-in provision, and her TDCA claim fails as a matter of law, her DTPA claim may not proceed.

## V. CONCLUSION

In connection with a twenty-second, blank voicemail left by defendant, plaintiff alleges violations of the FDCPA, TDCA, and DTPA. Defendant moves to dismiss all counts for failure to state a claim upon which relief can be granted. Having analyzed the statutory language and its context, this court is of the opinion that plaintiff's claims under the FDCPA and TDCA must fail. Further, because plaintiff's DTPA claim is tied to the viability of her TDCA claim, it fails as well.

Defendant's motion to dismiss (Dkt. 6) is GRANTED, and plaintiff's claims are DISMISSED WITH PREJUDICE. The court will enter a separate final judgment consistent with this opinion.

It is so ORDERED.

Signed at Houston, Texas on August 15, 2012.

_____
Gray H. Miller
United States District Judge